IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV60-MU

DENNIS S. ROWE, on behalf of )
himself and all others similarly )
situated, )
              Plaintiff, )
)
     v. )         <u>ORDER</u>
)
FAMILY DOLLAR, INC., )
             Defendant. )
_____)

**THIS MATTER** is before the Court with respect to the Plaintiff's "Motion to Voluntarily Dismiss Action Without Prejudice" (Doc. No. 17).[1]

Having carefully considered the parties' arguments and the applicable authority, the undersigned will <u>grant</u> the Plaintiff's' motion, all as is set forth below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

These actions arise out of Plaintiff's claim that he was wrongfully denied overtime wages by the Defendant, Family Dollar, Inc., in violation of the Fair Labor Standards Act of 1938 ("FLSA"). The Plaintiff brought his case as a putative class action encompassing all similarly situated employees at any Family Dollar location.

The Plaintiff originally filed suit in the United States District Court for the Southern District of Indiana on November 24, 2003. This was the district in which both the Plaintiff and his attorney

---

[1] The Court notes that there were at one point three FLSA collective actions pending in the Western District. One of those cases, *Medley, et al. v. Family Dollar*, 3:04CV243 was dismissed with prejudice by stipulation of the parties in January 2005. The other case, *Anderson et al. v. Family Dollar*, 3:04CV220, is still pending with an identical motion to dismiss.

were residing. The Defendant filed an answer to the Complaint, along with a motion to transfer venue to the Western District of North Carolina. By Order dated January 26, 2004, the motion was granted and the case was transferred to the Western District.

Upon receiving notice of the transfer of the case, the Plaintiff sought to obtain local counsel. At the same time, Plaintiff's Indiana counsel sought to comply with the Court's local rules including the rule requiring the parties to file a Certificate of Initial Attorneys Conference ("IAC"). At the time of the pretrial conference with the Court on May 11, 2004, the Plaintiff had not obtained local counsel and was ordered by the Court to do so within ten days. The Court also ordered the parties to file a new Certificate of IAC.

On May 21, 2004, local counsel filed a notice of appearance on behalf of the Plaintiff. Plaintiff's local counsel subsequently informed the Defendant that she could not agree to the deadlines in the initial Certificate of IAC because she did not believe that Family Dollar was entitled to discovery until notice had been sent to the potential opt-out Plaintiffs.

On or about June 18, 2004, the parties filed a second Certificate of IAC indicating that the were in disagreement with respect to the sequence and timing of discovery. They did agree to exchange the Rule 26(a)(1) disclosures on or before August 15, 2004, on August 13, 2004, the Defendant served its disclosures. At that point, the Defendant had also served written discovery requests and a notice to take the Plaintiff's deposition.

By this time, however, the Plaintiff, after carefully reviewing and considering his options, had determined that he did not have the resources to prosecute this action in North Carolina. Accordingly, Plaintiff's counsel informed defense counsel of his intent to dismiss the case and, on August 30, 2004, Plaintiff filed a motion to voluntarily dismiss the case, without prejudice. He subsequently filed a memorandum in support of the motion.

On or about September 16, 2004, the Defendant filed a memorandum opposing the dismissal on the grounds that any dismissal of the case should be with prejudice. No further pleadings have been filed, and the matter is now ripe for disposition.

## II.  DISCUSSION

### A. Legal Standards

Under Rule 41(a)(1), a plaintiff may only take a voluntary dismissal of its case once the adverse party has already filed its answer if the adverse party agrees to the dismissal. Fed. R. Civ. Proc. 41(a)(1). If the adverse party will not agree to the dismissal, then the Plaintiff must seek a court order dismissing the case under Rule 41(a)(2). Fed. R. Civ. Proc. 41 (a)(2).

Rule 41(a)(2) provides that the court shall order the dismissal upon the "terms and conditions as the court deems proper." Fed. R. Civ. Proc. 41(a)(2). "As a general rule, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant." *Gross v. Spies*, 1998 U.S. App. LEXIS 471, 16 (unpublished opinion)(4th Cir. Jan. 13, 1998) citing *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).

The Fourth Circuit has indicated that the district court should consider the following four factors in determining whether or not dismissal is proper under Rule 41(a)(2): "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation on the part of the movant; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment has been filed." *Id*. citing *Phillips, USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) . "The factors are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case." *Gross, supra*, citing *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).

"Courts generally agree, however, that the mere prospect of a second lawsuit is not sufficient prejudice to justify denying a motion for voluntary dismissal." *Gross, supra*, citing *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "Similarly, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." Gross citing *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

As explained below, review of the above factors compels the conclusion that the Plaintiff's Rule 41(a)(2) motion to dismiss be granted. In particular, the Defendant has failed to show that any of these factors weigh against dismissal, or that it would otherwise be prejudiced by dismissing the case without prejudice at this time.

### B. Analysis

### 1. Opposing Party's Effort

The Defendant contends that during the nine month period of time since the Plaintiff has brought this claim, it has incurred substantial costs in doing preliminary trial preparation, legal research, and case evaluation. In part, Defendant contends that the reason it has incurred such costs is due to the fact that it was faced with having to defend a nationwide class action.

As an initial matter, the Court notes that the Defendant has offered no evidence of the actual dollar amount that it has incurred in defending this case thus far. Furthermore, since a similar, if not identical case, has been pending against Defendant in Alabama for years, it would seem that much of work, including the legal research, would already have been done. In addition, to the extent that the Defendant is now being sued in Georgia, it would seem that at least some of the effort expended here could be used in that case as well.

Furthermore, the Court notes that this case is, in fact, still in its infancy. Although the case had been pending for nine months at the time the motion to dismiss was filed, relatively little activity

had occurred. In particular, the first several months after the case was filed were spent litigating the Defendant's motion to change venue. To the extent that the Defendant complains about the expense incurred in arguing that motion, this argument is unavailing since it was the Defendant who chose to pursue the motion.

Furthermore, at the time the motion to dismiss was filed, no actual discovery had taken place other than the Defendant filing its initial disclosures. Thus, this case is distinguishable from those cited by Defendant wherein a substantial amount of activity had taken place prior to time that the Plaintiff moved to dismiss. *See, e.g., Teck General Partnership v. Crown Cent. Petroleum Corp.*, 28 F.Supp.2d 989 (E.D.Va. 1998)(wherein the parties had exchanged discovery, defendant had filed a motion to compel, and moved to strike one of plaintiff's experts).

In short, the Court finds that Defendant has failed to show that the amount of effort and expense it had expended justifies denying the motion to dismiss. Thus, this factor weighs in favor of granting the motion.

## 2. Excessive Delay or Lack of Diligence

The Defendant contends that the Plaintiff moved for a dismissal only to avoid meeting its obligations in discovery and to avoid the impact of failing to meet those obligations. A review of the record indicates that this is simply not the case.

To the extent that the Plaintiff did not respond to Defendant's written discovery, he had by the time for responding, already decided to move for a dismissal and had informed opposing counsel of his intention. It would not have made any sense to proceed with discovery at that point in time. Given that the responses were only a few days late at the time Plaintiff filed his motion to dismiss, Defendant's suggestion that the Plaintiff moved to dismiss in order to avoid the consequences of serving late responses is rejected. In so holding, the Court notes that once again, the cases cited by

Defendant are distinguishable from the situation here. *See, e.g., Wieters v. Roper Hosp. Inc.*, 2003 U.S. App. LEXIS 3620, 10 (unpublished opinion)(4th Cir. Feb. 27, 2003)(wherein the Plaintiff, who moved to dismiss shortly before the scheduled trial date, moved to dismiss in order to avoid an adverse ruling on a motion to compel).

In addition, the Court notes that at least some of the initial delay in the case was due to the inability of Plaintiff to find local counsel. Given the nature and extent of this case, it is understandable that it might have taken awhile. The other reason for the delay was the fact that the attorneys could not agree on how discovery should proceed, especially with respect to the notice issue. The fact that the parties were unable to agree on this issue simply does not mean that the Plaintiff somehow failed to cooperate or otherwise act with diligence in pursuing her claim.

In short, the Defendant has failed to convince the Court that the Plaintiff failed to act with due diligence such that it should deny his motion to dismiss. Thus, this factor also weighs in favor of granting the dismissal.

### 3. Sufficiency of Explanation of Need for Dismissal

The Defendant contends that the Plaintiff has not provided a sufficient explanation of its reason to move to dismiss. It contends that either the Plaintiff is attempted to avoid the consequences of not complying with discovery obligations (as previously discussed and rejected) or the Plaintiff is improperly attempting to engage in forum shopping.

To the contrary, the Plaintiff has offered a very good explanation for its motion, namely, that he cannot financially afford to proceed with the case and, therefore, no longer desires to pursue it. Ironically, this would appear to be a direct result of Defendant's strategy in transferring the case to North Carolina.

Furthermore, the Plaintiff has indicated that he does not intend to file its case in another

district. Rather, he has stated that there are other collective lawsuits against the Defendant in other districts and he is considering opting in to one of those lawsuits.

In short, the Defendant has not convinced the Court that the Plaintiff lacks a sufficient explanation for moving to dismiss the case. Thus, this factor also weighs in favor of granting Plaintiff's motion.

Nevertheless, the Court does agree with the Defendant that if the Plaintiff were to file his case in another district, it would deprive the Defendant of the benefit of the court order transferring it to this district. *See, e.g., RMD Concessions, L.L.C. v. Westfield Corp., Inc*., 194 F.R.D. 241, 243 (E.D.Va. 2000)(wherein court stated that "one circumstance in which a defendant suffers legal prejudice is where a voluntary dismissal unravels an earlier legal ruling"). Accordingly, in accordance with Rule 41(a)(2), which allows the Court to impose any terms or conditions necessary to avoid prejudice, the Court will condition the order of dismissal on the requirement that any subsequent suit filed by this Plaintiff be filed in the Western District of North Carolina.

### 4. Present Stage of Litigation

Although the Defendant concedes that no summary judgment motion is pending in this case, it contends that the Court should nevertheless deny the motion to dismiss because the other factors weigh in favor of denying it. As previously stated, however, the Court has found that the other factors do not favor denying the motion. Accordingly, this argument is equally unavailing.

In conclusion, a review of all of these factors shows that the Defendant has failed to demonstrate that it would be suffer substantial prejudice should the motion to dismiss be granted without prejudice. Accordingly, the Court will grant the motion, albeit conditioned on the requirement that any subsequent suit be filed in North Carolina.

## III. Order

Based on the foregoing reasons, **IT IS HEREBY ORDERED THAT:**

1. The Plaintiff' motion to dismiss without prejudice (Doc. No. 17) be **GRANTED**; and

2. Each party bear its own costs.

**Signed: July 7, 2005**

Graham C. Mullen
Chief United States District Judge